# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**COLONY LENDER, LLC,**

Plaintiff,

-vs.-

**1620 PROPERTIES LLC; ANDY ADAMS; HARVEY ABRAMSON; MARJORIE ABRAMSON; DOTTY ADAMS; WILLIAM A. ADAMS; W. ANDREW ADAMS; PAUL ANIBOLE; BARBARA ANIBOLE; WILLIAM C. ASHLEY; M. KAZEM ATTAI; NAYEREH ATTAI; DENNIS P. BARRETT, TTEE; DENNIS P. BARRETT; JERRICE I. BARRETT; JOHN BELAMARIC; MARILYN M. BELAMARIC; BIGWOOD MANAGEMENT LTD; MICHAEL J. BIRCK; KATHERINE BIRCK; LUC F. BOULAY; GEORGINA BOULAY; JAMES M. BRADLEY; GORDON A. BRATTER, TTEE; SANDRA E. BRATTER, TTEE; ROBERT E. BRAUNER; BREAKPOINTE I LLC; THOMAS R. BRIGHT; ANDREA A. BROWN, TTEE; ACG TEAM TRUST; GERTRUDE T. BURR; WALTER T. BURR; CORNELIA V.R. BURR-TARRANT; DAVID G. BUTLER; BYERS@COLONY 503 LLC; C & N REALTY COMPANY; WILLIAM E. CAWOOD; JULIE A. CAWOOD; JEAN W. CHANG; CINIMOR HOLDINGS, INC.; MICHAEL H. COLES; COLONY BEACH & TENNIS CLUB ASSOCIATION, INC.; COLONY BEACH INVESTORS LLC; COMPREHENSIVE TRANSPORTATION SERVICES INC; MICHAEL A. COREY; LYNNETTE COREY; WILLIAM CROTHERS; D L T E HOLDINGS LTD; LAURIE DANN; A. GREGORY EATON; DAVID ECKHART, TTEE; ROLAND ECKSTEIN; GLORIA ECKSTEIN; PHILLIP EISSENSTAT; JACQUELINE H. EISSENSTAT; PAUL D. ELHOFF; CLAUDIA J. ELHOFF; JAMES F. EMSLIE; ARTEMIS M. EMSLIE; SEYMOUR EPSTEIN, TTEE; R. F. ERAZMUS; MARGARET M. ERAZMUS; CARMELITO ESPOSITO; EDWARD C. FARINA; FAUN ENTERPRISES LLC; FAYTEL INC; WILLIAM FINNERAN; GREGORY FIRESTONE;**

Case No. _____

BLAKE FLEETWOOD; SHEILA FORREST; JAMES
G. FREEMAN; JAMES P. FREEMAN, TTEE; JERI I.
FREEMAN FAMILY TRUST; ROBERT S.
GETTINGER; LAURENCE GOLDBERG, TTEE;
SHEILA GOLDBLATT; ALVIN GOLDSTONE; GAY
GOLDSTONE; KENNETH S. GROSS; KRISTINE L.
GROSS; H M F FAMCORP INC; JANICE L.
HAMMERSLEY, CO-TTEE; ANDREW C. HAWK;
KATHY R. HAWK; CRAIG HEILMAN; TERRY A.
HILL-CURTIS; HMF FAMCORP INC; RICHARD B.
HOEY; NANCY HOEY; RICHARD HOLLINGS;
RUTH HOLLINGS; KATHLEEN A. HUMPHREY,
TTEE; MITCHELL O. HUMPHREY, TTEE;
KATHLEEN A. HUMPHREY REVOCABLE TRUST;
THOMAS C. HUNT; LILLIAN JAGID, TTEE;
BRENDA M. JOYCE, TTEE; LAWRENCE KATZ;
JANETTE KATZ; DAVID KATZ; ELSIE KATZ;
ELSIE R. KEARNS; THOMAS KEARNS; JOHN W.
KEIFER, TTEE; SANDRA E. KLEIN; KARL G.
KLINGES; PETER L. KOHNSTAMM; CHARLES J.
KOLLAR; SUSAN J. KOLLAR; STEPHANIE
KOVAR; RUTH B. KREINDLER; ROBERT KULIG;
DAVID W. LAY; LEAP LONGBOAT LLC;
STANLEY J. LEVY, TTEE; CAROL G. LEVY, TTEE;
HELENE L. LIPTON; GLEN LIVOLSI;
MASTERPIECE LLC; BRUCE M. MAXIAN;
CONSTANCE S. MAXIAN; JOHN R. McCARTHY;
CATHLEEN McCARTHY; THOMAS McMAHON;
PATRICIA McMAHON; JOHN A. MOGEN, TTEE;
GREGORY E. MONTONE; BARBARA J.
MONTONE; ROBERT T. MUSGJERD; KESAVAN G.
NAIR; SARASWATHI NAIR; NALE
DEVELOPMENT FLORIDA INC.; NEW COLONY
LLC; NEAL NEWMAN; JOHN R. NICEFORO;
ROSALEE H. NICEFORO a/k/a ROSALEE H.
NICEFORD; TIMOTHY O'CONNELL a/k/a
TIMOTHY O'CONNOR; AVICE O'CONNELL a/k/a
AVICE O'CONNOR; O'DONNELL COLONY
HOLDINGS LLC; WAYNE B. OLSON, CO-TTEE;
PAMELA K. PARSONS; JAMES P. PASSILLA;
LYNNE E. PASSILLA; MICHELE A. PAVILLARD;
NANCY J. PEPE; ROBERT A. PERUZZI; MICHAEL
C. PIERCEY; SUSAN PIERCEY; BRUCE V.
PINSKY; PENNY WICKEY PINSKY; JAMES D.
PRIEST; ILONA G. PRIEST ROBERT PRIGNANO,
TTEE; LORRAINE E. PRIGNANO, TTEE; JULES

RABIN; SHELDON RABIN; CAROL RABIN; RAGS
FAMILY L.P.; KATIKINENI V. RAO; GILLIAN H.
RATCLIFFE; SUSAN RATCLIFFE; JOSEPH P.
RAVIN; VANGALA P. REDDY, TTEE;
SHASHIKALA V. REDDY, TTEE; GEORGE R.
REYNOLDS; RODNEY ROBITO; PAMELA S.
ROGERS-BUTCHER; JOAN A. ROSS, TTEE; JOAN
A. ROSS; STUART ROSS; MARY L. ROSSI;
SUZANNE RUSOVICH; GREGORY RUSOVICH;
JOHN RUSSO; MARY ANN RUSSO; JOHN F.
RUSSO; MARY A. RUSSO; JOHN F. RUSSO;
ROBERT SABATELLE; LAURIE SABATELLE;
CHARLES J. SCHAFER; MAUREEN P. SCHAFER;
ROBERT SCHLAGETER; KEVIN SCHMIDT;
TRACY SCHMIDT; J. TIMOTHY SHEA; JUDITH F.
SHEA; MARTIN P. SOKOL; AMI B. SOKOL; IRWIN
M. SPARR; GLORIA M. SPARR; BARRY A.
SPIEGEL; JEFFREY M. STERN; SUSAN K. STERN;
LOISE E. STONEHAM, TTEE; ZOLTAN SZABO;
DAVID B. THOMAS; ANNE M. THOMAS, TTEE;
JAMES A. TOLBERT, CO-TTEE; JEFFERY D.
TOLBERT, CO-TTEE; LIEBERT S. TURNER;
MARIA P. TURNER; UNIT 129-S LLC; UNIT 9B
LLC; JON A. VADNAL; TERRI E. VADNAL;
ASIKADI VISWANATHAN; WILLIAM J. WARREN;
VALERIE B. WARREN; GEORGE W. WEHRLIN;
DOLORES M. WEHRLIN JAMIE WHALEY;
RICHARD E. WHITMER; ROBERT J. WICKEY;
DEBORAH A. YABLON; JAY R. YABLON; YENO
MON INC.; TERRENCE YOUNG; SALVATORE J.
ZIZZA; and BENJAMIN M. ZUFFRANIERI, JR.,

Defendants.

### VERIFIED COMPLAINT

NOW COMES COLONY LENDER, LLC, by and through its undersigned counsel, and alleges as follows as and for its Verified Complaint; to wit:

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) as the matter in controversy exceeds the sum or value of $75,000.00

exclusive of interest and costs and the dispute in this the matter involves between citizens of different states.

2.      Colony Lender, LLC ("Colony Lender"), the plaintiff herein, is a limited liability company validly formed under the laws of the State of Florida, is in good standing thereunder, and has its principal office and place of business at 6835 Gulf of Mexico Drive, Longboat Key, Florida 34228.

3.      Plaintiff is the successor in interest by foreclosure to Colony Beach, Inc. and Colony Beach and Tennis Club, Inc., and the successor by purchase of the interests of the Carolyn Field Family Trust, who, collectively, were fractional owners and holders of a fraction of the lessor's interest in and to that certain Recreation Facilities Lease dated November 29, 1973 (hereinafter referred to as the ""Lease") by and between Colony Beach Associates, Ltd, as original lessor, and Colony Beach & Tennis Club Association, Inc. (the "Association") the named lessee.   A copy of the Lease is annexed hereto as **Exhibit "A"**.

4.      Upon information and belief, the Defendants are residents of various states and countries, both in Florida and otherwise, and/or are entities created under the laws of various states, both in Florida and otherwise, all as set forth on **Exhibit "B"** attached hereto and made a part hereof for all purposes.

5.      The Defendants hold title to residential units in a condominium locally known as the Colony Beach & Tennis Club Resort (hereafter, the "Resort"), which unit(s) are set forth across from their names on Exhibit "B" annexed hereto and made a part hereof for all purposes.   The unit(s) referenced in Exhibit "B" are located at Colony Beach & Tennis Club, a Condominium Resort Hotel, according to the plat thereof

recorded in Condominium Plat Book 7 Page 12, and being further described in that certain Declaration of Condominium recorded in Official Records Book 1025, Page 200, and any and all amendments attaching thereto, all in the Public Records of Sarasota County, Florida, together with an undivided interest in and to the common elements appurtenant thereto.

6.      The condominiums at the Resort are governed by that certain Declaration of Condominium of the Colony Beach & Tennis Resort, recorded in the Official Record Book 1025 at pages 200 through 277, instrument number 552163, of the Public Records of Sarasota County, Florida (hereafter, the "Condo Decs").

7.      The Lease, Condo Decs and a Settlement Agreement made March 28, 1986 between the Lessor of the Lease and the Association are hereinafter referred to as the "Governing Documents".

8.      The Lease is a part of the Governing Documents and, as exhibit D to the Condo Decs, is recorded in the Official Record Book 1025 at pages 245 through 268, as part of instrument number 552163, of the Public Records of Sarasota County, Florida.

9.      The Lease encompasses real property (hereinafter referred to as the "Rec Facilities") described in the Rec Facilities Lease and set forth as recorded in the Official Record Book 1025 at pages 265 through 267 of the Public Records of Sarasota County, Florida.

10.     The Lease terms create a "triple net" lease and lease to the Association the Rec Facilities in return for payments of rent, real estate taxes, and all other costs and expenses associated with the operation and maintenance of the Rec Facilities, and has a term of 99 years, commencing November 30, 1973 and terminating November 29, 2072.

11.     The Defendants are not the named tenant(s) under the Lease.   The Association is the named Tenant.   The Condo Decs, including the provisions of Paragraph 4.4, entitled *"Recreational Facilities Lease,"* provides that the owners of residential units (other than the owners of Units 500, 501, The Vagabond Unit and the Beach View Unit) are bound by said lease to the same extent and effect as if he had executed said lease for the purpose therein expressed, including but not limited to (a) subjecting all his right, title and interest in his condominium parcel, the condominium and in the Association to the lien rights granted the Lessor in Section 9 of the Lease, and creating, constituting, affirming and imposing such lien under Section 9 of the Lease, ab initio and anew against such owner's condominium parcel.

12.     Pursuant to the Lease, including Paragraph 22.19, all the covenants, promises, conditions and obligations contained in the Lease or implied by law are covenants running with the lands described in the Condo Decs, and shall attach to and are binding upon the Lessee, its successors and assigns, its present and future members and present and future owners of condominium parcels in The Condominium and their heirs, personal representatives, successors and assigns.

13.     The Association filed for protection from its creditors under Chapter 11 of the United States Bankruptcy Code in United States Bankruptcy Court for the Middle District of Florida in 2008.

14.     As part and parcel of its confirmed plan of reorganization, the Association rejected the Lease and is obligated to pay certain rejection damages in accord with the terms of its confirmed plan of reorganization once the claim for rejection damages

reaches the final order stage and has been reduced to money judgment by the appropriate Court having or exercising jurisdiction over that dispute.

15.     Notwithstanding the Chapter 11 filing by the Association, and upon information and belief, the defendants are personally jointly and severally liable for all amounts due under the Lease and the performance of all obligations thereunder.

16.     The Lease, including Paragraph 9.6 of the Lease, found at the above-referenced Book 1025, at page 252, provides that when the deed to each residential unit held by Defendants was recorded, the provisions of the Lease, including in particular of paragraphs 9 and 10, became binding upon each individual Defendant, jointly and severally to the same effect and extent as if such individual Defendant had executed the Lease.

17.     The Lease further provides that the Defendants' rights to their unit(s) are subordinate to the terms of the Lease.

18.     In accord with the Lease, including Paragraph 9.3, Plaintiff has a lien on each residential unit held by the Defendants as security for the performance of the obligations that each defendant has under the Lease.

19.     Plaintiff has the right to foreclose the lien on units granted under the Lease in the event that either the Association and/or one or more unit owners fail to meet their obligations under the Lease.

20.     Under the Lease, rent is due from the Defendants and owing to the Plaintiff, commencing October 29, 2008 through August 15, 2014 in the sum of $3,634,528.52 (the "Accrued Rent").

21.     Under the Lease, including paragraph 7.1, in addition to the Accrued Rent, the Defendants are jointly and severally liable for accrued and as yet unpaid real estate taxes, interest and penalties assessed on the Rec Facilities.

22.     As of August 15, 2014, the total of Accrued Rent and accrued but as yet unpaid interest thereon is $4,594,276, with a *per diem* of $995.08.

23.     Under the Lease, the rent continues to accrue annually from August 15, 2014, at the present amount of $785,303.32, which translates into a monthly rate of $65,442.00 and a *per diem* rate of $2,152.00.

24.     Under the Lease, including Paragraphs 22.9 and 22.19, interest on unpaid rent and taxes is due and owing at the annual rate of 10% and reasonable attorney's fees incurred by the lessor in and about collection of the rent and taxes.

25.     Real property taxes, interest and penalties were not and have not been paid by any of the obligors under the Lease commencing January 1, 2008 and continuing through to the present.

26.     The total of real estate taxes, interest and penalties levied against the Rec Facilities for the period January 1, 2008 through December 31, 2013 is $91,555.21 on 3/10/2011, $106,979.36 on 3/22/2012, as of Friday, August 15, 2014 is the sum of $294,215.21 (collectively, the "Tax Arrears").

27.     The Tax Arrears have been paid by or on behalf of the Plaintiff and are due and owing to Plaintiff from the Defendants, jointly and severally, together with interest thereon accruing at the rate of ten percent (10%) per annum.

28. Under the Lease and in addition to the Accrued Rent, Tax Arrears and the interest thereon, the Defendants are jointly and severally liable to pay plaintiff's counsel fees incurred in any efforts to collect sums due under the Lease from the Defendants.

29. For purposes of this litigation, the amount due under the Lease and assessable against the Unit owner defendants is subject to ongoing accrual and is, therefore necessarily dependent upon the final calculation of rent arrears, real estate taxes, applicable interest and counsel fees and expenses to be determined by the Court based on admissible evidence.

30. Demand upon each Defendant for the Accrued Rent, Tax Arrears and accrued, but as yet unpaid interest thereon was duly made on August 15, 2014.

31. Despite due demand therefor, no part of said sums have been paid and there is due Plaintiff (a) the Accrued Rent plus interest totaling $4,594,276.40 as of Friday, August 15, 2014, together with accruing interest thereafter at the daily rate of $995.08; (b) the Tax Arrears plus interest totaling $525,244.82 as of August 15, 2014 together with accruing interest thereon at the daily rate of $128.23; (c) and reasonable attorney's fees incurred by the Plaintiff, together with the costs and disbursements of this action, which are presently unknown but can be computed at the time of trial and entry of judgment in this action (collectively, these sums as they continue to accrue are hereinafter sometimes collectively referred to as the "Lease Arrears").

32. By reason of the foregoing Plaintiff is entitled to a judgment against each of the Defendants and foreclosure of its lien against each residential unit owned or held by the Defendants for the Lease Arrears.

**WHEREFORE,** Plaintiff requests judgment against each of the Defendants as follows:

1.     Judgment for Accrued Rent and accrued and as yet unpaid interest thereon totaling $4,594,276.40 as of Friday, August 15, 2014, together with rent that continues to accrue until the date of judgment in this action and all applicable interest on both amounts to the date of payment;

2.     Judgment for Tax Arrears totaling  $525,244.82 as of August 15, 2014, together with accrued but as yet unpaid taxes that continue to accrue until the date of judgment in this action and all applicable interest on both amounts to the date of payment;

3.     Judgment for its reasonable attorney's fees, costs and disbursements incurred by Plaintiff in this action;

4.     Judgment of foreclosure of Plaintiff's lien against each residential unit owned by the Defendants, directing the sale of each residential unit to satisfy amounts due as set forth in any judgment issued in this action; together with all such other and further relief as to this Court may seem just and proper.

Dated: September 10, 2014
        Albany, New York

ASSAF & SIEGAL PLLC

David M. Siegal, Esq. (FBN 0306185)
Email:  dsiegal@assafandsiegal.com
*Attorneys for Plaintiff*
16 Corporate Woods Boulevard
Albany, New York 12211-2350
Telephone:  (518) 431-1000
Fax:  (518) 465-7200

## VERIFICATION

STATE OF NEW YORK   )
COUNTY OF ALBANY   )   ss:


     DAVID M. SIEGAL, being duly sworn, deposes and says that I am a principal of Arendee LLC, the manager of Colony Lender, LLC, the plaintiff in the above-captioned action; that I have read the foregoing COMPLAINT and know the contents thereof and the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.


**FURTHER AFFIANT SAYETH NOT.**

**COLONY LENDER, LLC**
**By Arendee LLC, manager**

By DAVID M. SIEGAL, manager


STATE OF NEW YORK   )
COUNTY OF ALBANY   )   ss.:

On the 10th day of September in the year 2014, before me, the undersigned, a Notary Public in and for said State personally appeared DAVID M. SIEGAL, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public - State of New York

MARIA C. SPINICCI
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01SP6200763
QUALIFIED IN SARATOGA COUNTY
COMMISSION EXPIRES 02/09/2017